Mathews, J.
delivered the opinion of the court. The parties contend for the curatorship pf the intestate of Solomon Sterns, who died intestate, The suit originated in the court of probates, of the parish of Orleans, where Ruts, the first applicant, and present appellant prevailed. Randolph appealed to the district court, upon which the cause came up to this court, and was here heard, on a bill of exceptions to the opinion of the district court, in refusing to hear testimony, as on a trial de novo, 4 Martin, 370. The cause (having been remanded with directions to the judge, to permit Randolph. the then appellant, to prove certain facts, tending to shew that he was entitled to a preference over Rust) has since been heard on the merit, and the curatorship was decreed to Randolph.
*90 From this judgment, Rust appealed.
When the case was first before us, we declared it to be our opinion, that in a contest for the curatorship of a vacant estate, between a citizen of the state, having property in it, and a person having neither domicil nor property therein ; if the claims of the parties, as authorised by law, are in other respects nearly equal, the fn iner ought to be preferred : his property affording an additional security for the faithful discharge of his trust, as it is by law tacitly bound therefor.
The pretentions of the present suitors, to the curatorship of the estate of the deceased, were originally founded, on credits so inconsiderable, in proporiion to the value of the estate, and so little different in their amount or nature, that they may fairly be classed among those small matters, not legally worthy of notice, as ie minimis non curat fax.
In this view of the subject, Randolph, the present appellee, is clearly entitled to the preference. given him by the judgment of the district court; hut, u e are of opinion that, by accepting the payment of his claim against the estate of (he intestate from Rust, the present appellant, he destroyed ids right to t! e curator-ship. lie is now no longer a creditor, nor was *91 tu*. íii tin* time she judgment annealed I rom was . ... . , , given 1>v t.:e district court. i ne hitter is Inc period to which \vc are to look, in pronouncing upon ids claim.
On the appeal from the court of probates, a, trial de nuco was liad in the district court; and we are rml bou d to consider the situation of the parties at the time of the judgment iu the first court.
According to our law, iu the appointment of the curator of a vacant estate, creditors are to l»e preferred to strangers and persons not interested in the estate. Civ. Code, 176, art. 132. Now, Randolph was not a creditor, when judgment was given for him in the court below, and he had no longer a right of contending for the curaiorship of the estate, being, in the words of the code, a stranger, and a person not interested in the estate. Yet, it is contended by his counsel, that, admitting that he has no claim to the curatorship of the estate, as a creditor of the intestate, the appellant,. Rust, ought not to he trusted therewith, because, it appears, from die evidence in the cause, that his views with regard to the property are dishonest—that the motives which influenced him to solicit the cu-ratorship are unjust and corrupt; his object being to obtain possession of the estate, and te make it his own. by cheating the heirs.
*92 The testimony shews clearly that ’lust ex- , * „ pressed a wish to obtain the property from .the heirs, at a ¡«rice far below its value; but there is no express proof of an intention on his part to effect the purchase by means absolutely unfair. He seems to have relied more on their ignorance and poverty, and great the distance at which the property is ¡«laced from them.
The rule of law, on the subject of the exclusion from the appointment of a tutor or curator, as it reía es to the moral Hiar.ucer of an applicant. expends only to those whom the law declares infamous. On the ground of general character. perhaps none ought to be rejee'ed. except those Im come within this definition. If the person applying he not a citizen of ¡he stale, and has no property in it; if he be of a bad char-act>T and low standing in soeieh, kx. these arc circumstances u hich ought to influence the judge, in rmjniring hetter security.
We are of opinion that, the district court erred in giving judgment for the appellee.
It, is, therefore, ordered, ad judge d and decreed, that the judgment be anuuUcd, avoided and reversed, and that the appellant he placed in liis si;nation of curator, as u existed before appeal from the court of probates.
Livington for the appllant, Smith for the appellee.